IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GILBERT R. DUNN JR, AND CURTIS KAUFMAN, ET AL. ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> VS. <br><br> BRANDSMART U.S.A, INC., BRANDSMART U.S.A OF CLAYTON COUNTY, LLC, BRANDSMART U.S.A OF DORAVILLE, LLC, BRANDSMART U.S.A OF GEORGIA, LLC, AND BRANDSMART U.S.A HENRY COUNTY, LLC, <br><br> DEFENDANTS. | CIVIL ACTION <br> FILE NO. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs **GILBERT R. DUNN, JR. AND CURTIS KAUFMAN**, on behalf of themselves and all others similarly situated, through their counsel, Stephen M. Katz, for their Complaint, allege as follows:

## NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* to recover unpaid overtime compensation, liquidated damages, and attorneys' fees.

## PARTIES

2.

GILBERT R. DUNN JR. ("DUNN") and CURTIS KAUFMAN ("KAUFMAN"), the named Plaintiffs in this action, are individuals, and live in the Northern District of Georgia.

3.

BRANDSMART U.S.A. OF GEORGIA,LLC. ("BRANDSMART GA"), is a Georgia limited liability company with its principal office and place of business at **3200 SW 42ND ST., HOLLYWOOD, FLORDIA 33312**. BRANDSMART GA can be served by delivering a copy of the summons and complaint to its registered agent, **JAMES A. BALLI**, at 376 Powder Springs Street, Suite 100, Marietta, Georgia 30064.

4.

BRANDSMART U.S.A., INC. ("BRANDSMART USA"), is a Georgia limited liability company with its principal office and place of business at **3200 SW 42ND ST., HOLLYWOOD, FLORDIA 33312**. BRANDSMART USA can be served by delivering a copy of the summons and complaint to its registered agent, **JAMES A. BALLI**, at 376 Powder Springs Street, Suite 100, Marietta, Georgia 30064.

5.

BRANDSMART U.S.A. OF CLAYTON COUNTY, LLC. ("BRANDSMART CLAYTON"), is a Georgia limited liability company with its principal office and place of business at **3200 SW 42ND ST., HOLLYWOOD, FLORDIA 33312**. BRANDSMART CLAYTON can be served by delivering a copy of the summons and complaint to its registered agent, **JAMES A. BALLI**, at 376 Powder Springs Street, Suite 100, Marietta, Georgia 30064.

6.

BRANDSMART U.S.A. OF HENRY COUNTY, LLC. ("BRANDSMART HENRY"), is a Georgia limited liability company with its principal office and place of business at **3200 SW 42ND ST., HOLLYWOOD, FLORDIA 33312**. BRANDSMART

HENRY can be served by delivering a copy of the summons and complaint to its registered agent, JAMES A. BALLI, at 376 Powder Springs Street, Suite 100, Marietta, Georgia 30064.

7.

BRANDSMART U.S.A. OF DORAVILLE, LLC. ("BRANDSMART DORAVILLE"), is a Georgia limited liability company with its principal office and place of business at 3200 SW 42ND ST., HOLLYWOOD, FLORDIA 33312 . BRANDSMART DORAVILLE can be served by delivering a copy of the summons and complaint to its registered agent, JAMES A. BALLI, at 376 Powder Springs Street, Suite 100, Marietta, Georgia 30064.

8.

Defendants (collectively, "BRANDSMART") maintain, and, at all times relevant hereto, maintained offices in the State of Georgia, and transact and have transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia as well as nationally and internationally.

9.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

10.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

11.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted "...directly or indirectly in the interest of an employer in relation to an employee...," and are a joint or single employer as those terms are defined under the FLSA.

12.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

## JURISDICTION

13.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## VENUE

14.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

15.

**BRANDSMART** employed **DUNN, KAUFMAN,** and the putative class as laborers, and to a lesser extent, as inside salespersons, over the previous three years, until terminating **DUNN'S** employment without notice while he was on short-term disability. **KAUFMAN'S** employment status is uncertain.

16.

**DUNN, KAUFMAN** and the putative class' job duties while employed by Defendants consisted of building displays, hanging televisions, moving

merchandise, setting up speakers, etc., and to a lesser extent, performing work as "inside" salesmen.

17.

DUNN, KAUFMAN, and other employees similarly situated to them did not have discretionary authority in their positions, *i.e.*, did not regularly and customarily perform discretionary functions while doing their job.

18.

While employed by Defendants, DUNN, KAUFMAN and those employees similarly situated to them have consistently worked over 40 hours per week. DUNN, KAUFMAN and the putative class members are similarly situated in terms of job responsibilities.

19.

Defendants have never provided DUNN, KAUFMAN or members of the putative class with overtime compensation for hours worked in excess of 40 in a workweek.

20.

**DUNN AND KAUFMAN** worked not less than an average of 25 hours overtime (hours over 40) per week throughout their employment, and, more particularly, for the preceding three years. The putative class members worked similar hours without overtime compensation.

### CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF 29 U.S.C. § 216(B)

### (FLSA OVERTIME CLAIM)

21.

**DUNN AND KAUFMAN**, on behalf of themselves and others similarly situated, repeat and re-allege each and every paragraph set forth in paragraphs 1 to 20 as if fully set forth at length herein.

22.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including **DUNN, KAUFMAN** and those similarly situated to them, engaged in

commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

23.

**DUNN, KAUFMAN,** as well as those similarly situated to them, were regularly compelled to work more than 40 hours per week but were and are not paid overtime compensation as required under the FLSA.

24.

**DUNN, KAUFMAN** and those similarly situated to them, are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

25.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

26.

Defendants owe **DUNN, KAUFMAN** and those similarly situated to them, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## COUNT II

27.

**DUNN AND KAUFMAN**, on behalf of themselves and others similarly situated, repeat and re-allege each and every paragraph set forth in paragraphs 1 to 26 as if fully set forth at length herein.

28.

Within the preceding two years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

29.

**DUNN, KAUFMAN** and those similarly situated to them are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE, DUNN, KAUFMAN** and the putative class demand relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated 216(b) of the FLSA;

3. Judgment in favor of **DUNN, KAUFMAN** and those similarly situated to them, and against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the Act, judgment in favor of **DUNN, KAUFMAN** and those similarly situated to them, and against Defendants, jointly and severally, for reasonable attorneys' fees;

5.  Judgment in favor of **DUNN, KAUFMAN** and those similarly situated to them, and against the Defendants, jointly and severally, for prejudgment interest;

6.  Judgment in favor of **DUNN, KAUFMAN** and those similarly situated to them, and against the Defendants, jointly and severally, for all costs;

7.  Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

8.  Such other, further and different relief as this Court deems appropriate.

This 26th day of October, 2010.

Respectfully submitted,

By: _____
Stephen M. Katz
Ga. Bar No. 409065

THE KATZ LAW GROUP
Suite 200 • 4799 Olde Towne Parkway, NE
Marietta, Georgia 30068
Telephone:  770.988.8181
Facsimile:   770.988.8182
E-Mail: smkatz@smk-law.com