IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GILBERT DUNN, JR., ET AL., | : |
| Plaintiffs, | : CIVIL ACTION |
| | : FILE NO. 1:10-cv-3469-TCB |
| vs. | : |
| BRANDSMART U.S.A., INC., ET AL., | : |
| Defendants. | : |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL

The parties to this action, by and through their undersigned counsel, hereby move this Court for the approval of the Settlement Agreement and General Release, and in support thereof state:

1. This is an action seeking the recovery of overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. As such, no waiver, release, or settlement entered into by and between the parties is final, binding, and enforceable in the absence of court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982). *See also Taylor v. Progress Energy, Inc.*, 493 F.3d 454 (4th Cir. 2007) (collecting FLSA waiver authority, including *Barrentine v. Arkansas-Best Freight Systems*, 450 U.S. 728, 740 (1981)).

2. Plaintiffs Gilbert R. Dunn, Jr. and Curtis Kaufman and Defendants Brandsmart U.S.A., Inc., Brandsmart U.S.A. of Clayton County, LLC, Brandsmart U.S.A. of Doraville, LLC, Brandsmart U.S.A. of Georgia, LLC, and Brandsmart U.S.A. Henry County, LLC, by and through their counsel, hereby stipulate they have reached a settlement in this matter that is a fair and equitable settlement of a disputed claim for allegedly unpaid overtime wages, as well as all

claims for costs and attorneys fees. A copy of the Settlement Agreement and General Release, with the settlement amount redacted, is attached hereto as Exhibit "A."

3. The parties jointly represented to this Court in their Joint Preliminary Report & Discovery Plan, filed with the Court on December 22, 2010, that plaintiffs were not pursuing this matter as a collective action.

4. No other plaintiff or prospective plaintiff has sought to intervene in this action, or indicated a desire to do so, and no notices have been requested or approved to persons who may be similarly situated to the plaintiff. Therefore, no other person will be prejudiced by approval of this settlement and dismissal of this action.

5. Based on the foregoing, the parties request that this Court approve the Settlement Agreement and General Release as required by applicable precedent and dismiss the case, with prejudice, with each party to bear its own fees and costs. The parties further request that the Court retain jurisdiction over this action and the settlement thereof.

6. A copy of a proposed Order is attached.

Dated: May 2, 2011

Respectfully submitted,

_____
Stephen M. Katz, Esq.
THE KATZ LAW GROUP, LLC
4799 Olde Towne Parkway
Marietta, GA 30068
Telephone: (770) 988-8181
Facsimile: (770) 988-8182

*Counsel for Plaintiff*

_____
Robert L. Duston (*admitted pro hac vice*)
rduston@saul.com
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
Telephone: (202) 333-8800
Facsimile: (202) 337-6065

claims for costs and attorneys fees. A copy of the Settlement Agreement and General Release, with the settlement amount redacted, is attached hereto as Exhibit "A."

3. The parties jointly represented to this Court in their Joint Preliminary Report & Discovery Plan, filed with the Court on December 22, 2010, that plaintiffs were not pursuing this matter as a collective action.

4. No other plaintiff or prospective plaintiff has sought to intervene in this action, or indicated a desire to do so, and no notices have been requested or approved to persons who may be similarly situated to the plaintiff. Therefore, no other person will be prejudiced by approval of this settlement and dismissal of this action.

5. Based on the foregoing, the parties request that this Court approve the Settlement Agreement and General Release as required by applicable precedent and dismiss the case, with prejudice, with each party to bear its own fees and costs. The parties further request that the Court retain jurisdiction over this action and the settlement thereof.

6. A copy of a proposed Order is attached.

Dated: May 2, 2011

                                                          Respectfully submitted,

                                                          */s/ Stephen M. Katz*

| | |
|---|---|
| Stephen M. Katz, Esq. | Robert L. Duston (*admitted pro hac vice*) |
| THE KATZ LAW GROUP, LLC | rduston@saul.com |
| 4799 Olde Towne Parkway | SAUL EWING LLP |
| Marietta, GA 30068 | 2600 Virginia Avenue, N.W. |
| Telephone: (770) 988-8181 | Suite 1000 |
| Facsimile: (770) 988-8182 | Washington, D.C. 20037 |
| | Telephone: (202) 333-8800 |
| *Counsel for Plaintiff* | Facsimile: (202) 337-6065 |

/s/ James A. Balli
James A. Balli, Esq.
jballi@samslarkinhuff.com
SAMS, LARKIN & HUFF, LLP
376 Powder Springs Road, Suite 100
Marietta, Georgia 30064-3448
Telephone: (770) 422-7016
Facsimile: (770) 426-6583

*Attorneys for Defendants*

# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is voluntarily and knowingly entered into between Gilbert Dunn, Jr. ("Dunn"), Curtis Kaufman ("Kaufman"), BrandsMart U.S.A. of Georgia, LLC ("BrandsMart").

## RECITATIONS

A. On or about October 26, 2010, Dunn and Kaufman filed a civil action against BrandsMart and several other entities affiliated with BrandsMart alleging violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, and purporting to represent a putative collective class of employees.

B. BrandsMart and the other Defendants filed an Answer to the Amended Complaint on November 22, 2010, denying that it or any of the Defendants had violated the FLSA and asserting various defenses to the claims of Dunn and Kaufman. BrandsMart's position is that Dunn and Kaufman were properly classified as exempt from the FLSA's requirements for overtime. BrandsMart U.S.A. Georgia LLC admitted that it was the employer of the Plaintiffs, and asserted that none of the other Defendants were proper parties.

C. BrandsMart, Dunn, and Kaufman jointly expressed to the Court in their Joint Preliminary Report & Discovery Plan, filed with the Court on December 22, 2010, that "[a]lthough the Complain[t] purports to seek relief on behalf of the named Plaintiffs and all other[s] similarly situated, Plaintiffs [we]re not pursuing this case as a collective action under the FLSA."

D. No other prospective plaintiff has sought to join this putative collective action under the FLSA, nor expressed a desire to join this action. The Court has not been requested to

1093559.3 5/9/11

and has not approved notices to any other current or former employees of BrandsMart who are alleged to be similarly situated.

E. Following the completion of the Plaintiffs' depositions on April 14, 2011, and prior to taking depositions of Defendant's witnesses, the parties reach an agreement in principle to settle all claims, the terms of which are embodied in this agreement. The parties wish to dismiss all claims made in this action in exchange for a mutual release and to avoid the cost and expense of further litigation.

## AGREEMENT

In consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Dunn and Kaufman agree that the Court should enter an Order dismissing the FLSA Lawsuit with prejudice. The parties will submit this Agreement to the Court for approval.

2. The parties have voluntarily and knowingly entered into this Agreement after negotiation between the parties. This Settlement Agreement and Release does not constitute an admission by BrandsMart of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or of any other possible or claimed violation of law or rights, and is being entered into by BrandsMart solely to avoid further costs and expense of litigation.

3. Dunn and Kaufman specifically acknowledge that they are withdrawing their claims that they were entitled to additional compensation for tasks other than those directly related to sales, and are not challenging the application of the FLSA Section 7(i) exemption to their work. This settlement is of disputed claims by Plaintiffs that BrandsMart failed to properly compensate them

-2-

for certain commissions in accordance with its existing policies and procedures, and for other claims for injuries.

4.   The total amount to be paid by BrandsMart is       **REDACTED**, inclusive of attorneys fees and costs. BrandsMart agrees to issue a check in that amount to "Katz" on behalf of and for the benefit of Dunn and/or Kaufman, within fourteen days of the date this Agreement is approved by the Court. BrandsMart will issue to Katz a Form 1099 for this amount, and may issue Form 1099s to Dunn and Kaufman for the entire amount. Katz shall distribute payments to Dunn and/or Kaufman in accordance with any arrangement that they have made. The foregoing payments shall be for all claims which Dunn and/or Kaufman might have asserted for injury or damages, as well as attorney's fees and costs. BrandsMart makes no representation or warranty as to the taxability of the payments made to Dunn and/or Kaufman. Dunn and Kaufman agree to be solely responsible for payment of all income taxes, FICA, or other types of taxes or assessments, and will defend, indemnify and hold BrandsMart harmless should any claim or assessment be raised or asserted by any governmental or taxing agency for any payment that may be due or levied on this payment, including but not limited to any and all taxes, interest, legal fees and/or penalties incurred in connection therewith, and Dunn and/or Kaufman will be solely liable for all such taxes, penalties, interest, payments, assessments, fines, and/or legal fees.

5.   In exchange for the consideration set forth in this Agreement, Dunn and Kaufman, jointly and severally and on behalf of themselves, their heirs, executors, administrators, attorneys, beneficiaries, and assigns, release and discharge from liability, and covenant not to sue BrandsMart and each of the other Defendants (BrandsMart U.S.A., Inc., BrandsMart U.S.A. of Clayton County, LLC, BrandsMart U.S.A. of Doraville, LLC, and

BrandsMart U.S.A.) and/or their present or former subsidiaries, and affiliates; their respective predecessors and successors in interest or otherwise; their respective present and former directors, officers, partners, shareholders, employees, owners, trustees, agents, insurers, attorneys, and representatives; and their respective heirs, administrators, executors, successors, and assigns of any of the foregoing and any other person, firm, or corporation for which any of the foregoing may be legally responsible or which may be legally responsible for any of them (collectively the "Released Parties"), for any and all claims, actions and causes of action, together with any contracts, agreements and promises, in law or in equity, which Dunn and/or Kaufman has or may have, including but not limited to, any and all possible claims and causes of action related to, connected with or arising out of Dunn's and/or Kaufman's employment with BrandsMart and/or termination of their employment; any and all claims relating to any contract, agreement, wage plan, bonus plan, or the violation of any policy of BrandsMart; any and all claims of discrimination or retaliation on account of sex, race, color, age, disability, military, or veteran status; national origin, marital status, sexual orientation or preference, political affiliation, religion, retaliation, sexual, or other harassment; or on account of protected status or participation in protected activity; any and all claims or causes of action based upon any equal employment opportunity laws, ordinances, regulations or orders, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, Executive Order 11246, the Rehabilitation Act of 1973, the Uniformed Services Employment and Re-employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, The Equal Pay Act, or any applicable state, county or local anti-discrimination or labor protective statutes or ordinances;

any and all claims for wrongful termination or retaliation or violation of public policy, breach of contract or agreement, express or implied covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, sexual harassment, assault, battery, or claims for fraud, misrepresentation, defamation, libel, slander or invasion of privacy; any and all claims for salary, pay, remuneration or loss of future wages, compensatory damages, punitive, liquidated or exemplary damages, costs, attorney's fees, and pre- or post-judgment interest, loss of consortium, mental anguish, pain and suffering; as well as any other claims or causes of action Dunn and/or Kaufman might have against the Released Parties.

6. All information and documents disclosed with regards to *Gilbert Dunn, Jr., et al. v. BrandsMart U.S.A., Inc., et al.* shall be kept confidential by Dunn and/or Kaufman, and Dunn and Kaufman agree to instruct their counsel that counsel shall keep confidential all information and documents disclosed with regards to *Gilbert Dunn, Jr., et al. v. BrandsMart U.S.A., Inc., et al.* Under no circumstances shall information and documents be disclosed to anyone during or after the termination of this litigation, except pursuant to legal process. In the event that legal process, including but not limited to a subpoena, is served covering protected material obtained during this matter, Dunn and/or Kaufman shall give prompt notice of that process to BrandsMart, through its counsel of record, in order to allow BrandsMart to interpose an objection, seek a protective order, or seek other judicial relief prior to the return date.

7. Upon execution of this Agreement, Dunn, Kaufman, and their counsel of record shall return information and documents received from BrandsMart (including all copies) to counsel for BrandsMart. In the alternative, documents may be destroyed rather than returned. These documents must be returned or destroyed within thirty (30) days after final signatures.

8.  Dunn and Kaufman shall each strictly maintain the confidentiality of the terms of this Settlement Agreement and Release and any amounts offered or demanded by either party notwithstanding the fact that the Settlement Agreement will be filed with the Court for approval. Neither Dunn nor Kaufman shall disclose any information relating to the amount and fact of this Settlement Agreement and Release to any individual other than their counsel, spouse, or tax advisor for the purpose of seeking tax advice, and Dunn and/or Kaufman shall instruct each of them to maintain the confidential nature of the terms of this Settlement Agreement and any amounts paid thereunder. Dunn and Kaufman further agree to instruct their counsel that counsel shall maintain the confidentiality of the terms of this Settlement Agreement and Release and any amounts offered or demanded by either party. By executing this Agreement, Dunn and Kaufman warrant that they has not disclosed any terms of this Agreement to any person except as set forth in this paragraph. The parties agree that, if Dunn and/or Kaufman is asked about the claims by Dunn and/or Kaufman against BrandsMart, Dunn and/or Kaufman may state "the matter has been resolved," or similar words to that effect, and may state nothing further. This provision is of essence to this Agreement, and any other comment by Dunn and/or Kaufman without the prior written consent of BrandsMart, shall be considered a violation of the confidentiality provision. BrandsMart agrees to keep confidential, and will not disclose to any third party, the terms and conditions of this Settlement Agreement, including any amounts paid hereunder, unless required by subpoena.

9.  Any claims regarding breach of the confidentiality provisions of this Agreement shall be subject to mandatory, binding arbitration as provided below.

10. When under an obligation of law, Dunn and Kaufman are each free to respond truthfully to inquiries from a governmental agency, such as the Internal Revenue Service, or a

court of competent jurisdiction, regarding the terms of this settlement but in such response he will advise that the terms of the settlement were agreed to be confidential and will request maintenance of confidentiality by the government agency or court. This provision includes testimony in a deposition or other legal proceedings, but only if Dunn and/or Kaufman has been properly subpoenaed.

11. Dunn and Kaufman each agree that he will not apply for and is not eligible for employment or re-employment with BrandsMart and Dunn and Kaufman waive any claim to reinstatement or re-employment with BrandsMart, any of the Defendants, or any other entity using the "BrandsMart U.S.A." trade name. In the event Dunn and/or Kaufman breaches this agreement and is inadvertently hired by any such entity, Dunn and Kaufman each stipulates that he may be lawfully discharged based upon this Agreement. In such event, Dunn and/or Kaufman will be estopped from collecting any damages and BrandsMart may introduce this stipulation in its defense in any proceeding.

12. Dunn and Kaufman acknowledge that BrandsMart are represented by counsel of their choosing who has actively participated in the negotiations concerning this Agreement. Dunn and Kaufman each acknowledges that he has requested and received from BrandsMart any information that he needs in order to make a knowing and voluntary release of all claims. Dunn and Kaufman each further acknowledges and agrees that he is represented by an attorney, that his attorney has reviewed this Agreement with him and explained the terms and consequences of this Agreement to him, and has advised him regarding whether or not he should sign it. Dunn and Kaufman each further acknowledges that he has had a reasonable period of time of at least 21 days to review and consider the consequences of this Agreement and to obtain all of the advice he requires regarding the purpose and effect of the release of claims under the Age Discrimination in

Employment Act as required by the Older Workers Benefit Protection Act, and Dunn and Kaufman each acknowledges and agrees that he has voluntarily, clearly and unmistakably elected to sign this Agreement prior to the expiration of the 21 day period. Dunn and Kaufman further represent and warrant that neither has relied on any representations by any employee or representative of BrandsMart in deciding whether or not to sign this Agreement. Dunn and Kaufman each represents and warrants that, knowing and understanding each of the statements in this Agreement, Dunn and Kaufman each acts knowingly and voluntarily and has entered into this Agreement of his own free will, with full understanding of its terms, and accepts the benefits described herein in exchange for the terms of this Agreement that inure to the benefit of the Released Parties, without duress, coercion, fraud or undue influence.

13. Subject to the provisions below, in exchange for the promises, agreements and stipulations above, BrandsMart agrees to release and discharge from liability Dunn and Kaufman from any and all claims or causes of action BrandsMart has or may have arising out of the FLSA Lawsuit. Each party shall bear its own costs and attorneys fees in the FLSA Lawsuit. BrandsMart agrees to waive all claims it has or may have for attorneys fees and sanctions arising out of the filing and continued prosecution of the FLSA Lawsuit. This release is conditioned on the entry of the Order dismissing the FLSA Lawsuit, the compliance of Dunn and Kaufman with all other obligations of this Agreement, and on the enforceability of this Agreement. The forgoing provision will be null and void, and BrandsMart will be able to pursue such claims against the person who allegedly breached this Agreement without regard to any statute of limitations if: (1) a Court or arbitrator determines that such person has violated any of the provisions of the Agreement; (2) as to Dunn and/or Kaufman, if Dunn and/or Kaufman files any claim against BrandsMart on any ground based upon actions occurring prior to the date of this

Agreement except as expressly excluded above; or (3) in any action or proceeding, Dunn and/or Kaufman seeks to challenge the enforceability of any provision of this Agreement.

14. Any claims regarding breach of this Agreement shall be subject to mandatory, binding arbitration. Such arbitration shall follow the rules and procedures of the American Arbitration Association ("AAA") (unless the parties agree to other procedures) and shall apply the laws of the State of Georgia. All arbitration proceedings will be confidential and maintained under seal. The arbitrator shall award the prevailing party its costs and attorneys fees.

15. An award of any damages for breach of this Agreement will not affect the validity of the covenant not to sue and the releases in this Agreement.

16. The provisions of this Agreement are severable. If any provision of this Agreement other than paragraph 5 is adjudged by any court or arbitrator to be void or unenforceable, in whole or in part, such adjudication shall not affect the validity of the covenant not to sue and releases in this Agreement. If any provision of paragraph 5 is adjudged by any court or arbitrator to be unenforceable, in whole or in part, or if Dunn and/or Kaufman subsequently makes any claim against the Released Parties arising out of his employment prior to the date he signed this Agreement and challenges the validity of the release, such adjudication and/or claim shall void all duties and obligations of BrandsMart herein, and, if such action is due to Dunn and/or Kaufman making a claim or requesting court action to void the agreement, Dunn and/or Kaufman shall promptly refund all payments made hereunder. Provided, however, that nothing in this Agreement is intended to, or shall be interpreted to, discourage or interfere with the rights of Dunn and/or Kaufman under the Older Workers Benefit Protection Act to test the knowing and voluntary nature of the waiver of claims under the Age Discrimination in Employment Act, or to prevent the exercise of such rights. In the event that the waiver of Age

Discrimination in Employment Act claims is declared invalid or void, the foregoing refund provision shall not apply, and Dunn and/or Kaufman shall only be required to refund the payments hereunder to the extent permitted by law.

17. Dunn and Kaufman each agrees to indemnify and hold harmless the Released Parties of and from any and all attorney liens. Dunn and Kaufman each hereby represents and warrants that he is not aware of any outstanding liens against him, including without limitation, wage liens, workers' compensation liens, and medical liens. Dunn and Kaufman each further represents and warrants that he is not aware of any subrogation rights, or other claims or causes of action that arise out of or in connection with Dunn and/or Kaufman's employment by BrandsMart, the FLSA Lawsuit, or any other matter relating to BrandsMart.

18. This Agreement constitutes the entire agreement between the parties and supersedes any prior agreements, arrangements or understandings, entered into between Dunn and/or Kaufman and BrandsMart concerning the FLSA Lawsuit. This Agreement may be modified or amended only by written consent of both parties. It is understood that BrandsMart, Dunn, and Kaufman are entitled to use this Agreement in any form, offensive or defensive, in any proceeding.

19. The parties agree that this Agreement shall be construed and enforced under, and in accordance with, the laws of the State of Georgia. The language used in this Agreement shall be deemed to be the language chosen by the parties hereto to express their mutual intent, and no rules of strict construction shall be applied against any party.

20. BrandsMart's duly authorized representative for signature acknowledges that she has carefully read and fully understands all of the terms of this Agreement, including the releases contained herein, and that BrandsMart enters into this Agreement voluntarily.

21.     This Agreement to waive and release claims under the Age Discrimination in Employment Act is irrevocable after a period of seven (7) days from the execution of this Agreement by Dunn and Kaufman. The agreement to waive and release claims under the Age Discrimination in Employment Act only shall not be enforceable or effective prior to the end of this seven day period. If Dunn and/or Kaufman elects to revoke the waiver and release of claims under the Age Discrimination in Employment Act, this entire Agreement is voidable at the election of BrandsMart.

Executed in _____, Georgia, this 10 day of May, 2011

By: _____
       Gilbert Dunn, Jr.

Executed in _____, Georgia, this 10 day of MAY, 2011

By: _____
       Curtis Kaufman

Executed in Ft. Lauderdale, Florida this 19 day of May, 2011

BRANDSMART USA OF GEORGIA, LLC.

By: _____ (SVP)
       Lary Sinewitz
       Executive Vice President

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GILBERT DUNN, JR., ET AL., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | FILE NO. 1:10-cv-3469-TCB |
| vs. | : | |
| BRANDSMART U.S.A., INC., ET AL., | : | |
| Defendants. | : | |

## ORDER OF DISMISSAL

Upon the parties' Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal, it is hereby ADJUDGED and ORDERED

1. The settlement is deemed fair and reasonable to all parties, and is hereby approved by the Court.

2. Plaintiff's claims are hereby dismissed with prejudice.

3. The parties are to bear their own costs.

4. The Court hereby retains jurisdiction over this action and the settlement thereof.

5. The Clerk is hereby directed to close this case.

DONE AND ORDERED in Atlanta, Georgia, this ___ day of _____, 2011

_____
The Hon. Timothy C. Batten, Sr.
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Motion For Approval Of Settlement Agreement And Stipulation Of Dismissal. was served via the Court's ECF system on this 23rd day of May, 2011, on:

**Stephen M. Katz, Esq.**
**stephen@smk-law.com**
**THE KATZ LAW GROUP, LLC**
4799 Olde Towne Parkway
Marietta, GA 30068
Telephone: (770) 988-8181
Facsimile: (770) 988-8182
**Counsel for Plaintiff**

                                                             /s/ James A. Balli
James A. Balli, Esq.
jballi@samslarkinhuff.com
SAMS, LARKIN & HUFF, LLP
376 Powder Springs Road
Suite 100
Marietta, Georgia 30064-3448
Telephone: (770) 422-7016
Facsimile:  (770) 426-6583

*Attorneys for Defendants*